IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.  24-2019 |
| | : | |
| MICHAEL MILLER, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                    **August 20, 2024**

*Pro Se* Plaintiff Jane Doe brings this Complaint pursuant to 42 U.S.C. § 1983 against a

Landsdowne police office and two other unidentified Defendants in connection with her arrest.

Doe also seeks leave to proceed *in forma pauperis* and by way of pseudonym.[1]  For the

following reasons, the Court will grant Doe leave to proceed *in forma pauperis*, deny without

prejudice her request to proceed by way of pseudonym, and dismiss her Complaint.  Doe will be

given an opportunity to file an amended complaint.

## I.       FACTUAL ALLEGATIONS

Doe names three Defendants in her Complaint:  (1) Landsdowne Police Officer Michael

Miller; (2) John Doe; and (3) Jane Doe.  DI 2  at 2.)[2]  The factual allegations in Doe's Complaint

are sparse.  She alleges that on May 10, 2022, she "turned [her]self into police." *Id*. at 3.  Doe

states that Miller "purposefully gave information that he knew was untrue to another officer in

---

[1] Plaintiff filed this action using "Jane Doe" as a pseudonym.  For purposes of this
Memorandum, the Court permitted her to proceed by pseudonym.  Plaintiff's request to proceed
further in this case using a pseudonym is addressed herein.  *See infra* at § III.B.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.  Because
Plaintiff also refers to herself as "Jane Doe," the Court will refer to Defendant Jane Doe as
"Defendant Doe."

the hopes of having [her] arrested prior to [Miller] filing for a probable cause application." *Id.* at

4.  Miller also allegedly "misled a judge" by "omit[ing] material information to obtain a search

warrant," tampered with evidence, and "provided false information when filing a report/affidavit

as a police cover-up." *Id.*  Doe further alleges that Miller was "verbally abusive" and that he

used intimidation as a tactic to avoid complaints being filed against him. *Id.*  According to Doe,

Miller "violated his oath of office by repeatedly performing acts of police misconduct." *Id.*

Although most of the allegations center on Miller, Doe also alleges that Defendant Jane Doe

"conspired" with Miller to "deprive [her] of [her] rights" because although Defendant Doe

"knew that Michael Miller" was lying, Defendant Doe continued to hold Plaintiff Doe in

custody, "indefinitely." *Id.*  Additionally, Doe alleges that Defendant John Doe "insures" Miller.

*Id.* at 3.  Based on these allegations, Doe asserts constitutional claims and seeks money damages

and other relief.  *Id.* at 2, 5.

## II.      STANDARD OF REVIEW

The Court grants Doe leave to proceed *in forma pauperis* because it appears that she

does not have the ability to pay the fees to commence this case.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Doe is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

## III.    DISCUSSION

### A.    Constitutional Claims

The Court understands Doe to assert constitutional claims under § 1983, the vehicle by

which federal constitutional claims may be brought in federal court.  "To state a claim under

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the

personal involvement of each defendant in the alleged constitutional violation is a required

element, and, therefore, a plaintiff must allege how each defendant was involved in the events

and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d

Cir. 1998).

Doe appears to assert Fourth Amendment claims against Miller.  Although the facts are

ambiguous and incomplete, as best as the Court can discern, Doe alleges that Miller was

responsible for factual inaccuracies in a search warrant and possibly in connection with an arrest,

and thus attempts to assert claims for unreasonable search and false arrest.  The Fourth

Amendment provides that "[t]he right of the people to be secure in their persons . . . against

unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The elements of a § 1983 claim for unreasonable search and seizure are:  (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances.  *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989).  To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that she was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Lozano v. New Jersey*, 9 F.4th 239, 245-46 (3d Cir. 2021).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Orsatti*, 71 F.3d  at 483.

Doe's Fourth Amendment claims against Miller are undeveloped as pled.  She alleges in conclusory fashion that Miller engaged in police misconduct and violated his oath of office, but does not allege any facts to support these allegations.  Doe also alleges that Miller tampered with evidence and provided false information when filing a report/affidavit but offers no facts to provide context to these allegations, such as when and how Miller tampered with evidence, when and how he provided false information, and how Doe was harmed by this conduct.  She also provides no facts surrounding the alleged search or arrest, and whether Miller lacked probable cause.  Without any contextual details, the Court is unable to discern whether Doe can plausibly state unreasonable search and false arrest claims against Miller.  *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to

facts suggesting that Defendant Thompson lacked probable cause to believe he had committed

the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at

*4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious

prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer

Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations

against them in the underlying criminal proceedings were false); *Medina v. Aprile*, No. 23-1057,

2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) ("To properly analyze a claim asserting an

illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the

circumstances under which the search arose." (citation omitted)).  Accordingly, Doe's Fourth

Amendment claims against Miller will be dismissed.

To the extent that Doe asserts a claim against Miller based on the fact that he initially

denied but ultimately granted her request for a telephone call while in custody, DI 2  at 4, the

claim is also dismissed as not plausible.  Although prisoners and pretrial detainees may have a

limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*,

539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and

reasonable restrictions on telephone privileges do not violate their First Amendment rights."

*Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (*per curiam*) (quoting *Washington v.

Reno*, 35 F.3d 1093 (6th Cir. 1994)); *see also Randall v. Cty. of Berks*, Pa., No. 14-5091, 2015

WL 5027542, at *17 (E.D. Pa. Aug. 24, 2015) (noting that "a pretrial detainee does not have

unfettered telephone access").  "[A] pretrial detainee's right to telephone access is 'subject to

rational limitations in the face of legitimate security interests of the penal institution.'" *Id*.

(citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)).   Here, Doe does not

allege that she was denied her request to use the telephone.  Rather, she alleges that her request

was delayed until she threatened to tell her attorney about Miller's behavior.  Thus, any First Amendment claim Doe asserts is not plausible and will also be dismissed.

The claims against Defendant Doe and John Doe are similarly undeveloped and thus not plausible, as pled.  Doe again alleges in conclusory fashion and without any factual support that Defendant Doe and John Doe "conspired" with Miller to violate her rights.  The elements of a § 1983 claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in [her] person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'"  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Doe fails to plausibly allege any facts to support her conclusory assertions that a conspiracy existed, much less that either Defendant Doe or John Doe conspired to deprive her of her constitutional rights.  Doe simply has not alleged any factual basis from which a conspiracy could plausibly be inferred.  *See Mir v. Brod*, No. 22-3273, 2024 WL 1877024, at *1 (3d Cir. Apr. 30, 2024) (affirming dismissal of conspiracy claim where plaintiff merely alleged conclusory allegations of "some sweeping conspiracy").  Accordingly, Doe's § 1983 conspiracy claims against Defendant Doe and John Doe will also be dismissed.

**B.      Proceeding by Pseudonym**

Doe filed this case using the pseudonym "Jane Doe" and appears to want to proceed in

that fashion.  She filed a request to redact her address from the docket in this case, which the

Court construes as a request to proceed by way of pseudonym.  *See* DI  6.  Generally, litigants in

federal court may proceed anonymously in "exceptional cases" upon a showing of  "(1) a fear of

severe harm, and (2) that the fear of severe harm is reasonable."  *Doe v. Megless*, 654 F.3d 404,

408 (3d Cir. 2011) (internal quotations omitted) The United States Court of Appeals for the

Third Circuit has identified a non-exhaustive list of factors that are relevant to a litigant's request

to proceed by pseudonym.  Factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the
> substantiality of these bases; (3) the magnitude of the public interest in
> maintaining the confidentiality of the litigant's identity; (4) whether, because of
> the purely legal nature of the issues presented or otherwise, there is an atypically
> weak public interest in knowing the litigant's identities; (5) the undesirability of
> an outcome adverse to the pseudonymous party and attributable to [her] refusal to
> pursue the case at the price of being publicly identified; and (6) whether the party
> seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).

Factors that disfavor anonymity include:

> (1) the universal level of public interest in access to the identities of litigants;
> (2) whether, because of the subject matter of this litigation, the status of the
> litigant as a public figure, or otherwise, there is a particularly strong interest in
> knowing the litigant's identities, beyond the public's interest which is normally
> obtained; and (3) whether the opposition to pseudonym by counsel, the public, or
> the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68).

Here, Plaintiff alleges that she has been subjected to "threats and attempts of

intimidation." *See* DI  6.  She further alleges that "[d]ue to retaliation, attempts of intimidation

and previous verbal threats from at least one of the defendants," she requests that her name and

address be redacted.  *See* DI  1 at 7.  Doe does not provide any factual details about the alleged

threats and intimidation to allow the Court to determine whether she faces a reasonable fear of

severe harm that outweighs the interests of open judicial proceedings.  Accordingly, the request

to proceed by pseudonym will be denied without prejudice.  If Doe wishes to continue to proceed

using a pseudonym, she may file a motion that addresses the deficiencies the Court has noted as

to her request.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Doe leave to proceed *in forma pauperis*

and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim.  The Court will also deny without prejudice Doe's request to proceed by way of

pseudonym.  Doe may file an amended complaint in the event she can address the defects the

Court has noted as to her claims.

An appropriate Order follows, which provides further instruction as to amendment.